MARY M. HANACEK v. GEORGE HANACEK

SUPERIOR COURT        FAIRFIELD COUNTY        FILE No. 83407

Memorandum filed July 6, 1951.

*Hirschberg, Pettengill, Strong & Deming,* of Greenwich, for the Plaintiff.

CORNELL, J. This action claims a divorce on the ground that the defendant has been legally confined for at least five years next preceding the date of the complaint because of in-

curable mental illness. General Statutes, § 7327. The service of process in a case brought on this ground requires, among other acts, that a like copy of that which is served upon the defendant and his conservator (if any) shall be forwarded by registered mail to "the commissioner of welfare at Hartford," and, "if the defendant is confined in any other state, a like copy shall be served upon the superintendent of the institution in which the defendant is confined." General Statutes § 7331. In the instant case, it appears that the defendant at the date the complaint was signed, and for a period of years prior thereto, was confined at the Northport Veterans Administration Hospital at Northport, Long Island, in the state of New York. An order signed by the clerk of this court directed that service be made upon the "superintendent" of said institution by registered mail but none on the "commissioner of welfare" at Hartford.

Waiving the question whether the service on the "superintendent" in question, designating him thus impersonally instead of by his personal name as superintendent, complied with the requirement of the statute (§ 7331), the failure to make any service on the "commissioner of welfare" at Hartford introduces a question whether service of process in this type of case was completely made. Very likely, the plaintiff interpreted the provision in § 7331, supra, to mean that service by registered mail upon the superintendent of an institution in some other state than Connecticut is a substitute for service by registered mail on the commissioner of welfare at Hartford. The provision, however, is not in the disjunctive but is in the conjunctive. There is good reason, too, that the commissioner of welfare be apprised of application for divorce on the ground of incurable mental illness of any resident of this state even though his place of confinement be elsewhere. It is reluctantly concluded that the omission to serve the process on the commissioner of welfare in accordance with § 7331, supra, renders the service defective.

As respects the evidence bearing on the merits, it appears that the court appointed Dr. James Vavasour, an alienist, to investigate the defendant's mental status in accordance with the requirement of § 7331 supra. Dr. Vavasour is chief, professional services, at the Veterans Administration Hospital at Northport, Long Island, New York. As of June 14, 1951, Dr. Vavasour reported that the defendant's mental condition "has not shown any improvement during his stay at this hospital," which commenced on May 22, 1946, and was interrupted only during the

intervening period by one or more administrative discharges. In that report the doctor stated that the prognosis is "guarded." In a letter dated June 22, 1951, addressed to Paul Cullinan, Esq., who has been appointed guardian ad litem for defendant in this case, Dr. Vavasour explained that it has always been the policy of the veterans administration to prohibit its psychiatrists in schizophrenia cases from expressing any opinion as to prognosis in any particular case because of the difficulty in forecasting the probable results of treatment. Whatever the validity of the deterring reason or reasons, the alienist has furnished no opinion that the defendant's mental illness is "incurable"—a fact which the court must find to justify a divorce under General Statutes § 7327. Without the opinion of an alienist appointed by the court, there is no basis upon which the court may properly conclude that a finding of incurable mental illness exists.

While, under the conditions discussed, a denial of the application for a decree of divorce is implicit, yet under the circumstances, it is felt that a mistrial will be more compatible with the proprieties and permit, also, the plaintiff opportunity to remedy the defects mentioned on or before another trial is had.

A mistrial is declared.